STATE v. WILLIE DEE LOYD.

190 N. W. (2d) 123.

September 3, 1971—No. 43288.

*James J. Krieger,* for petitioner.

*George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

PER CURIAM.

This matter is before the court on an alternative writ of mandamus to compel the District Court of Hennepin County to permit petitioner to withdraw a plea of guilty to robbery and to reinstate his bond pending trial. The issue is whether petitioner has a right to withdraw a plea of guilty induced by an agreement governing the recommended sentence negotiated between his attorney and the prosecutor to which the court was not a party. We hold that in the interest of justice the plea of guilty may be withdrawn and petitioner's bond reinstated pending trial.

At his initial arraignment on May 12, 1971, defendant pled not guilty to simple robbery. The prosecutor in his brief concedes that petitioner "changed his plea to guilty on June 15, 1971, after his counsel, the Hennepin County Public Defender, had consummated a plea bargain agreement with the Hennepin County Attorney's Office." In return for a plea of guilty, the county attorney agreed to recommend that the imposition of sentence be stayed and that defendant serve 30 days in the workhouse, during which he would have the privilege of work release, followed by probation which, if successful, would result in a reduction of the charge to a misdemeanor. The sentence actually imposed by the court was to the Youth Conservation Commission for an indeterminate term which under the statute permits a maximum commitment of 10 years. At his appearance in the district court on June 15, without any preliminary discussion between the court, counsel, and defendant, defendant changed his plea from not guilty to guilty. He was thereupon examined and was advised of the maximum possible sentence. In addition he was told that the sentence was solely and exclusively the prerogative of the judge but that the county attorney and defense counsel would recommend a sentence of 30 days in the workhouse followed by probation on the conditions to which we have previously alluded. So far as the record shows, this was the first occasion on which the court was informed of the terms of the plea agreement. At the conclusion of the interrogation the following colloquy occurred between the court and defendant:

"Q. You understand that this Court may not accept the recommendation of your counsel and the County Attorney?

"A. Yes, sir.

"Q. This Court may sentence you to the Youth Conservation Commission.

"A. Yes, sir.

"Q. And despite that you are willing to plead guilty?

"A. Yes, sir."

The matter was then set over until July 21 for a presentence investigation. On the date of sentencing, defense counsel again called attention to the plea agreement and, before sentence was imposed, asked leave to withdraw the plea if the agreement was not acceptable to the court. The request was summarily denied on the ground the plea was entered when defendant fully understood that the court was not bound by the agreement and that the court had made no commitment to permit the plea to be withdrawn if the agreement was not honored. Defense counsel then stated to the court that he was sure he led defendant to believe he could withdraw his plea of guilty if the agreement was not approved by the court. However, the court thereupon proceeded to impose the maximum sentence.

We are persuaded that defendant was indeed under the impression suggested by counsel and that the plea should have been withdrawn "to correct a manifest injustice." In two recent cases we have considered in some depth the rules governing such plea agreements. State v. Wolske, 280 Minn. 465, 160 N. W. (2d) 146; Schwerm v. State, 288 Minn. 488, 181 N. W. (2d) 867. In Wolske we held the guilty plea should have been set aside because the prosecutor failed to comply with the terms of the agreement he reached with the defendant. In Schwerm we reached an opposite result because the agreement was not entered until the second day of trial and damaging evidence tending to incriminate defendant had already been introduced. In Wolske we discussed at length Standards Relating to Pleas of Guilty promulgated by the American Bar Association Project on Minimum Standards for Criminal Justice. We there noted (280 Minn. 473, 160 N. W. [2d] 152):

"Where disclosure of a plea agreement is made to the trial judge either before or after acceptance of the plea as recommended, it will not be difficult to determine if plea agreements have been kept, and in the event the agreement is not fulfilled by the prosecutor or not acceptable to the court, the defendant should be afforded the option of either withdrawing or reaffirming his plea, as the standard quoted below expressly provides."

A proposed revision of the standards adopted in March 1968, Part II, WITHDRAWAL OF THE PLEA, § 2.1(b), suggests a rule which we herewith adopt:

"In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

As applied to the facts in the instant case, we hold that a "manifest injustice" occurs where contemporaneously with the plea of guilty and before sentence is imposed the court is fully apprised of the terms of a plea agreement and declines to give it effect. Under such circumstances, if the state can show no prejudice by reliance on the plea, it is incumbent on the court to permit the guilty plea to be withdrawn. Accordingly, the alternative writ of mandamus directing the court to withdraw the plea of guilty and reinstate the bond is made absolute.

Writ made absolute.