STATE of Minnesota, Respondent,

v.

William Thomas KEALY, Jr., Appellant.

No. 81–1261.

Supreme Court of Minnesota.

May 14, 1982.

Kurzman, Shapiro & Manhan and Marc G. Kurzman, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by defendant from a judgment of conviction of possessing marijuana with intent to distribute. The conviction was based on a guilty plea accepted by the trial court, which sentenced defendant to a term of 1 year and 1 day in prison, with execution stayed and with defendant placed on probation for 3 years, the first 10 weekends to be spent in jail. This sentence has been stayed pending appeal. The issue on appeal is whether defendant has a right to withdraw his guilty plea because the trial court refused to stay imposition of sentence. We reverse the trial court and hold that defendant is entitled to withdraw his guilty plea and stand trial.

Defendant, who was charged with possession of marijuana in excess of 1.5 ounces and possession of marijuana with intent to distribute, entered his guilty plea to the latter charge pursuant to a standard written petition. *See* Appendix A to Minn.R. Crim.P. 15. In paragraph 20 of that petition, defendant stated that it was his understanding that the other charge would be dismissed and that he would receive a stay of imposition of sentence but that, if the trial court did not approve this agreement, then defendant had an absolute right to

withdraw his plea and have a trial. After the trial court rejected the recommendation that defendant receive a stay of imposition, defendant sought to withdraw his plea and stand trial. However, the trial court stated that it did not know about the petition and that the transcript of the defendant's testimony at the time he entered the plea showed that defendant knew that the court was free to reject the recommendation that defendant receive a stay of imposition. Over defendant's protest, the court proceeded to impose a stayed sentence.[1]

Defendant entered his plea pursuant to the petition, which the trial court received, and in his petition defendant expressly retained the right to withdraw his plea of guilty if the trial court rejected the sentencing recommendation or agreement. Defendant's oral admission at the time he entered his plea that he knew that the trial court could reject the recommendation was not inconsistent with the statement in the petition that defendant had a right to withdraw the plea if the trial court rejected the recommendation. As in *State v. Loyd*, 291 Minn. 528, 190 N.W.2d 123 (1971), the facts of which are not significantly different, fairness requires that defendant be permitted to withdraw his plea and stand trial.

Reversed and remanded.

---

1. The presumptive sentence for this offense, which is a severity level II offense, by one such as defendant, who has a criminal history score of zero, is a stayed sentence, either a stay of imposition or imposition of a term of 1 year and 1 day with execution stayed. However, the Sentencing Guidelines Commission "recommends" that a stay of imposition "be used as the means of granting a stayed sentence for felons convicted of lower severity offenses with low criminal history scores" and "that convicted felons be given one stay of imposition, although for very low severity offenses, a second stay of imposition may be appropriate." Minnesota Sentencing Guidelines and Commentary III A.1. (1980). *See also State v. Cizl*, 304 N.W.2d 632, 633, (Minn.1981).