663 N.W.2d 31 (2003)
In the Matter of the Welfare of S.L., Child.
No. C6-02-1467.
Court of Appeals of Minnesota.
June 17, 2003.
John M. Stuart, State Public Defender, Lawrence Hammerling, Deputy Public Defender, Minneapolis, MN, for appellant child.
Mike Hatch, Attorney General, St. Paul, MN and Ross E. Arneson, Blue Earth County Attorney, Mark A. Lindahl, Susan DeVos, Assistant County Attorneys, Mankato, MN, for respondent state.
*32 Considered and decided by HUDSON, Presiding Judge, TOUSSAINT, Chief Judge, and MINGE, Judge.

OPINION
HUDSON, Judge.
Appellant challenges her adjudication of delinquency for committing second-degree burglary, arguing that the district court committed reversible error when it failed to permit her to withdraw her guilty plea. Appellant contends that the state violated the negotiated plea agreement by not equivocally recommending to the district court the agreed-upon stay of adjudication. Because the state did not follow through on its promise to recommend a stay of adjudication, we reverse and remand.

FACTS
On January 1, 2002, the day before appellant S.L. was scheduled to enter chemical-dependency treatment, she and two of her juvenile friends burglarized the home of S.L.'s father. S.L. suggested the burglary in order to obtain marijuana for herself and to repay a debt. On March 5, 2002, the state filed a delinquency petition in Blue Earth County District Court alleging that S.L. committed second-degree burglary, in violation of Minn.Stat. § 609.582, subd. 2a (2000), and misdemeanor theft, in violation of Minn.Stat. § 609.52, subds. 2(1), 3(5) (2000). S.L. pleaded not guilty to all charges.
Prior to trial on June 6, 2002, Blue Earth County filed a petition alleging that S.L. was a child in need of protective services (CHIPS petition) based on an unrelated matter, habitual truancy, in violation of Minn.Stat. § 260C.007, subds. 6(14), 19 (2000).[1] Subsequently, in a negotiated agreement, S.L. agreed to plead guilty to the second-degree burglary charge in exchange for dismissal of the misdemeanor theft charge and for the state's recommendation of a stay of adjudication of delinquency for committing the burglary. At the plea hearing on June 17, 2002, pursuant to the plea agreement, S.L. pleaded guilty to second-degree burglary. The state and defense counsel stated the plea agreement as follows:
[Defense Counsel]: Yes, Your Honor. We've had additional discussions with the County Attorney's Office and we've come to an agreement whereby [S.L.] would be admitting to Count I. Count II would be dismissed. Adjudication on Count I would be stayed and [S.L.] would be referred to probation for a [social history] * * * and additional consequences would be recommended.
[The Court]: Is it contemplated that * * * there be a social history then and a dispositional hearing would be scheduled; that the adjudication would be stayed at this hearing, but it's possible that it would be accomplished depending on what the results of the social history were * * *.
[Defense Counsel]: That wasn't my anticipation, Your Honor.
[The Court]: Okay. I just want to make it clear.
[Prosecutor]: Your Honor, it was our * * * desire that I would recommend that it would be a stay of adjudication. It's based on the juvenile's chemical dependency issues and the treatment she's since received for her chemical dependency issues after this event took place. *33 So that is what that recommendation is based on Your Honor.
[The Court]: All right. Well, then [S.L.] is that what you want to do?
[S.L.]: Umm, yea.
The district court accepted the plea agreement, withheld adjudication, ordered a social history, and set disposition to occur after completion of the social history. The district court also ordered S.L. to "remain law abiding and follow the rules, regulations, curfew, etc. of the home." The following day, S.L. admitted the petition on the habitual truancy charge that was the basis for the CHIPS petition. The district court again withheld adjudication, ordered a social history, and set disposition for that matter to occur after completion of the social history.
The disposition hearing for both the burglary and truancy charges was held on July 23, 2002. At the hearing, the prosecutor engaged in a back-and-forth discussion with the district court concerning the negotiated sentence recommendation. The social history revealed that S.L. had consistently engaged in criminal behavior over the previous two years. In 1999, and again in 2000, S.L. was charged with truancy. Also in 2000, S.L. was charged with shoplifting, assault, and disorderly conduct. Furthermore, S.L.'s probation officer recommended to the district court that S.L. be adjudicated delinquent so that S.L. could receive help with her chemical-dependency and mental-health issues. According to the probation officer, S.L. had continued to engage in "very very risky behaviors." In addressing the state's recommendation for a stay of adjudication, the prosecutor and defense counsel stated:
[Prosecutor]: Your Honor, the agreement on the burglary in the second degree included a recommendation from the County Attorney's Office for a stay of adjudication for up to 180-days and basically the benefit of that for [S.L.] was that she would keep a felony conviction off her record if she did what she was supposed to do for the next six months and there were no violations * * *.
Some things have come up since then * * *. We have some concerns * * *. Implicit in * * * the recommendation for the stay of adjudication was, I think, the idea that [S.L.] would be on good behavior pending the disposition in this matter and we have indications that she has not been on the best behavior.
* * * *
[Prosecutor]: I would say with regard to that stay of adjudicationthat was the agreement of the County Attorney's Office. I indicated what I thought was implicit in that agreement. If the Court chooses not to stay adjudication, umm, it was a recommendation. It wasn't a guarantee and I thinkI guess, I'd leave it at the Court's discretion. I think it's questionable whether she would have the right to withdraw her plea in that matter * * * because her expectations are different from what's likely to happen at sentencing here, but * * * in any event, we also have her admission in the truancy file.
* * * *
[Prosecutor]: You know, I really join in [the probation officer's] recommendations. I guess there is a feeling that I don't want to go back on the County Attorney's Office's word that we are going to recommend a stay of adjudication. Yet, I think there have been some things that changed the circumstance and * * * it would be legitimate for me then to say * * * I don't think a stay of adjudication is appropriate any more.

[Prosecutor]: Your Honor. * * * I just think that the Court should know that that was our original agreement. The *34 circumstances under which she entered her plea was a recommendation from the County Attorney's Office for a stay of adjudication.
* * * *
[Defense Counsel]: I would agree with [the state] that the stay of adjudication was part of the agreement with the County Attorney's Officespecifically for [S.L.] to receive the benefit of not having a felony on her record and * * * I guess at this point in time with the reality that the County can still make all the recommendations with respect to the truancy file * * * and speaking with [S.L.], * * * she informs me that she would like the opportunity to request withdrawing the plea on the burglary and she does also understand that the same recommendations can be made with respect to the truancy file as that was admitted straight up.
(Emphasis added.)
The district court adjudicated S.L. delinquent for committing second-degree burglary, and a child in need of protective services with respect to the habitual truancy charge. The district court reasoned that, because S.L. had violated the June 18, 2002, order by not remaining law-abiding, and because S.L. had violated rules established by her mother as recently as the previous weekend, a stay of adjudication was not appropriate. Nor did the district court permit S.L. to withdraw her guilty plea. This appeal followed.

ISSUE
Did the district court abuse its discretion when it failed to permit S.L. to withdraw her guilty plea?

ANALYSIS
The district court is vested with broad discretion in determining whether a defendant should be allowed to withdraw a guilty plea. State v. Ferraro, 403 N.W.2d 845, 847 (Minn.App.1987); Minn. R.Crim. P. 15.05, subd. 2. An appellate court will reverse the district court's determination of whether to permit withdrawal of a guilty plea only if the district court abused its discretion. Barragan v. State, 583 N.W.2d 571, 572 (Minn.1998).
S.L. argues that the district court committed reversible error when it failed to permit her to withdraw her guilty plea to second-degree burglary.[2] S.L. further contends that the state violated the plea agreement made in exchange for her guilty plea by not recommending to the district court a stay of adjudication. We agree.
Minn. R. Juv. P. 8.04, subd. 2, provides that a child may request to withdraw a guilty plea, and the court may allow withdrawal, (a) "before disposition, if it is fair and just to do so, giving due consideration" to the child's reasons and "any prejudice that withdrawal of the plea would cause"; or (b) "at any time, upon showing that withdrawal is necessary to correct a manifest injustice."
Under Minnesota law, if the district court rejects an agreement as to sentence, the defendant is entitled to withdraw the plea. State v. DeZeler, 427 N.W.2d 231, 234 (Minn.1988). To the contrary, if the district court rejects a sentencing recommendation resulting from an agreement, the defendant is not entitled to withdraw the plea unless she can establish that either: (a) she mistakenly believed that she could withdraw her plea if the district court rejected the state's recommendation; *35 or (b) that there is an alternate ground for withdrawal. Id.
The state contends that because the plea agreement was for a recommendation as to disposition, and not an unqualified promise for a particular outcome, there was no absolute guarantee that S.L. would receive a stay of adjudication. The state relies on DeZeler and argues that because S.L. does not make a claim that she believed she would be able to withdraw her guilty plea if the district court rejected the state's sentence recommendation, S.A.L is not entitled to withdraw her guilty plea.
We agree that DeZeler governs if the state actually makes a recommendation to the district court for the agreed-upon sentence. Id. at 234. But if the state failed to keep its part of the agreement, the juvenile is entitled to withdraw the guilty plea. State v. Kortkamp, 560 N.W.2d 93, 95 (Minn.App.1997) (concluding that because the state did not recommend the particular sentence agreed to in exchange for appellant's guilty plea, appellant must be allowed to withdraw his guilty plea and stand trial); see also State v. Kunshier, 410 N.W.2d 377, 379 (Minn.App.1987) (concluding that the trial court abused its discretion when it rejected the agreed-on sentence without tendering to appellant his right to withdraw the plea and stand trial), review denied (Minn. Oct. 21, 1987).
Here, the state wavered on the subject of the plea agreement and the sentence it was recommending. First, the prosecutor confirmed the parties' agreement that S.L. would plead guilty to the burglary charge in exchange for dismissal of the misdemeanor theft charge and the state's recommendation of a stay of adjudication. But then the prosecutor qualified the plea agreement by stating that implicit in the agreement was an understanding that S.L. would remain on good behavior, and S.L.'s failure to maintain good behavior nullified the plea agreement. Then the prosecutor indicated that he joined in the probation officer's recommendation that S.L. be adjudicated delinquent, but simultaneously stated that he did not want to go back on his word that he was going to recommend a stay of adjudication. Ultimately, however, the prosecutor told the district court that the state no longer believed a stay of adjudication was appropriate.
The prosecutor argues that he was only "thinking out loud" when he joined in the probation officer's recommendation of an adjudication of delinquency. The prosecutor further contends that he did not expressly withdraw the sentencing recommendation and in fact did recommend to the district court a stay of adjudication. But the record indicates that the district court believed the state had withdrawn from the agreed-upon sentence recommendation. In its dispositional factual findings, the district court stated
[b]oth [the prosecutor] and [defense counsel] stated that part of the plea agreement was to recommend a stay of adjudication. [The prosecutor] states that due to the change in circumstances since the plea was made, [it] no longer feels that a stay of adjudication is appropriate.

(Emphasis added.)
The state did not make the agreed-upon sentence recommendation to the district court. To the contrary, after receiving S.L.'s social history, which revealed her criminal past and her ongoing chemical-dependency and mental problems, the prosecutor expressly told the district court that he joined the probation officer's recommendation of an adjudication of delinquency, and that he no longer felt a stay of adjudication was appropriate. But a defendant does not forfeit his or her right to withdraw a guilty plea and stand trial if, because of changing circumstances, the *36 state changes its mind about a previous agreement. See Kunshier, 410 N.W.2d at 380 (concluding that defendant did not forfeit his right to withdraw plea because of misconduct prior to sentencing). We conclude that the state backed away from its commitment to make the agreed-upon sentence recommendation and, by doing so, violated the parties' plea agreement.
Because the state did not honor its agreement to recommend a stay of adjudication in exchange for S.L.'s guilty plea, S.L. should have been permitted to withdraw her guilty plea. Accordingly, we reverse and remand to the district court to provide S.L. with an opportunity to withdraw her plea of guilty to second-degree burglary. Because we make this determination, we need not decide whether the district court committed plain error when it accepted S.L.'s guilty plea.

DECISION
Because the state violated the parties' plea agreement by not recommending to the district court a stay of adjudication, we hold that the district court abused its discretion when it did not permit S.L. to withdraw her guilty plea. Due to our resolution of the case, we need not reach the issue of whether the district court committed plain error by accepting S.L.'s plea without assuring she understood the consequences.
Reversed and remanded.
NOTES
[1] We note that Minn.Stat. § 260C.007 was amended in 2003. Minn. Laws ch. 2, art. 1, § 26. The amendment overruled subdivision 5, concerning the definition of child abuse and does not affect the outcome of this case. At any rate, the change becomes effective August 1, 2003. Minn.Stat. § 645.02 (2002) (discussing effective dates of laws).
[2] Alternatively, S.L. argues that the district court committed plain error by failing to assure that she understood the consequences of the plea before accepting it. Because we reverse and remand on the first issue, we need not reach the second one.