**STATE of Minnesota, Respondent,**

v.

**Shawn Michael PROVOST, Appellant.**

**A17-0130**

Court of Appeals of Minnesota.

Filed August 14, 2017

---

Lori Swanson, Attorney General, St. Paul, Minnesota; and Brandi Schiefelbein, Meeker County Attorney, John P. Fitzgerald, Assistant County Attorney, Litchfield, Minnesota (for respondent).

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant).

Considered and decided by Bjorkman, Presiding Judge; Hooten, Judge; and Touissant, Judge.*

## OPINION

HOOTEN, Judge

Appellant argues that the district court abused its discretion by denying his motion to correct his sentence, which was based on an incorrect criminal history score. We reverse and remand.

## FACTS

In February 2015, appellant Shawn Michael Provost was charged in Meeker County with second-degree burglary, along with three other crimes. Provost pleaded guilty to the burglary charge, and the state agreed to dismiss the other three

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to        Minn. Const. art. VI, § 10.

charges. The plea did not include an agreement as to his sentence. The district court sentenced Provost to 48 months, which was the presumptive middle of the box duration based on the severity level of the crime and Provost's criminal history score of six. *See* Minn. Sent. Guidelines 4.A (2014).

In November 2016, Provost successfully petitioned a Kandiyohi County postconviction court to vacate his January 2015 conviction for possession of a firearm by an ineligible person, based on the Minnesota Supreme Court's holding in *State v. Haywood*, 886 N.W.2d 485, 486 (Minn. 2016), that an air-powered BB gun is not a firearm. This conviction accounted for 1.5 of the 6 criminal history points used to determine Provost's sentence for the February 2015 burglary conviction.

In December 2016, Provost filed a motion to correct his burglary sentence, on the ground that the sentence imposed was based on an incorrect criminal history score. The Meeker County district court summarily denied Provost's motion. Provost appeals.

## ISSUE

Did the district court abuse its discretion by denying Provost's motion to correct his sentence?

## ANALYSIS

Provost argues that the district court erred by denying his motion for a sentence correction on the ground that it did not have authority to modify Provost's sentence. We agree.

■ "Under Minn. R. Crim. P. 27.03, subd. 9, a court may at any time correct a sentence not authorized by law." *Anderson v. State*, 794 N.W.2d 137, 139 (Minn. App. 2011), *review denied* (Minn. Apr. 27, 2011). We review a district court's decision to deny a motion under rule 27.03 for an abuse of discretion. *State v. Amundson*, 828 N.W.2d 747, 752 (Minn. App. 2013). We "will not reevaluate a sentence if the [district] court's discretion has been properly exercised and the sentence is authorized by law." *State v. Stutelberg*, 435 N.W.2d 632, 633–34 (Minn. App. 1989).

In evaluating Provost's motion, the district court noted that Provost's 48-month sentence, which was within the presumptive guidelines range of 41 to 57 months when calculated with Provost's incorrect criminal history score, was also within the presumptive guidelines range of 37 to 51 months when calculated with his corrected criminal history score. *See* Minn. Sent. Guidelines 4.A (2014). The district court concluded that it did not have authority to modify Provost's sentence because his 48-month sentence was "still authorized."

■ The Minnesota Supreme Court has held that a district court "must use accurate criminal history scores in order to set mandatory presumptive sentences that comply with the Minnesota Sentencing Guidelines." *State v. Maurstad*, 733 N.W.2d 141, 142 (Minn. 2007). Because of this requirement, the supreme court has stated that any "sentence based on an incorrect criminal history score is an illegal sentence" that is "correctable 'at any time.'" *Id.* at 147 (quoting Minn. R. Crim. P. 27.03, subd. 9). Under *Maurstad*, Provost's sentence is not authorized by law, and the district court did not properly exercise its discretion when it concluded that it lacked the authority to modify his sentence.

The state attempts to distinguish *Maurstad* by noting that the sentence imposed based on an incorrect criminal history score in that case was not within the presumptive guidelines range of the sentence when calculated with the correct criminal history score. *See id.* at 144–45; Minn.

Sent. Guidelines IV (2002). However, the supreme court's language in *Maurstad* that "a sentence based on an incorrect criminal history score is an illegal sentence" that is "correctable 'at any time,'" is unequivocal and leaves no room for the exception that the state asks us to find. 733 N.W.2d at 147. Further, at no point did the *Maurstad* court indicate that its decision was premised on the fact that the corrected sentence would be outside the presumptive guidelines range.

Although the exact factual situation presented here has not been addressed by the Minnesota Supreme Court post-*Maurstad*, it has been addressed by the United States Supreme Court in the context of the federal sentencing guidelines. In *Molina-Martinez v. United States*, Molina-Martinez received the lowest sentence within the presumptive guidelines range based on an incorrect criminal history score. —— U.S. ——, 136 S.Ct. 1338, 1343–44, 194 L.Ed.2d 444 (2016). The sentence that Molina-Martinez received fell in the middle of the presumptive guidelines range using his correct criminal history score. *Id.* at 1344. The Supreme Court concluded that "[w]hen a defendant is sentenced under an incorrect [g]uidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345. This is because "the [g]uidelines are in a real sense the basis for the sentence," and the appropriate range "anchor[s] ... the district court's discretion." *Id.* (emphasis omitted) (quotations omitted).

We agree with the conclusion reached in *Molina-Martinez* that, because the sentencing guidelines serve as the anchor for a district court's discretion at sentencing, "when a [g]uidelines range moves up or down, offenders' sentences tend to move with it." *Id.* at 1346 (alteration omitted) (quotation omitted). Given the great discretion vested in the district court in sentencing matters, we recognize that not every defendant who receives a sentence at the top or bottom end of the presumptive range when sentenced with an incorrect criminal history score need necessarily receive a similarly situated sentence within the presumptive range when resentenced with a correct criminal history score. However, when a defendant is sentenced based on an incorrect criminal history score, a district court must resentence the defendant.[1]

## DECISION

Because a sentence based on an incorrect criminal history score is an unauthorized sentence subject to correction under Minn. R. Crim. P. 27.03, subd. 9, even if the sentence would still be within the presumptive sentencing guidelines range when calculated with the correct criminal history score, we reverse the district court's denial of Provost's motion to correct his sentence and remand for proceedings consistent with this opinion.

**Reversed and remanded.**

---

1. We note that this analysis does not apply where the plea agreement includes a bargained-for sentence. When a sentence is included in a negotiated plea, an incorrectly calculated criminal history score may be grounds for a defendant to withdraw his plea. *State v. DeZeler*, 427 N.W.2d 231, 235 (Minn. 1988).