STATE OF MINNESOTA *vs.* CHARLES R. MIMS.    (2d Case.)

October 10, 1879.

**Embezzlement—Indictment.**—To sustain an indictment under Gen. St. *c.* 95, § 24, it must appear that the goods entrusted to the defendant for delivery were so entrusted to be carried for hire. An allegation simply that they were entrusted with him by the owner, for the purpose of sending and delivering the same to another, is insufficient.

**Same — Consent of the Owner to be Negatived.**— To maintain an indictment under the provisions of Gen. St. *c.* 95, § 23, as amended by Laws 1876, *c.* 55, (Gen. St. 1878, *c.* 95, § 33,) for an embezzlement of money received by defendant from the owner, for the purpose of being sent and delivered to another, when the wrongful act complained of consists in "the use and disposal of such money by defendant to his own use and benefit," it must be alleged that such use and disposition were without the consent of such owner.

Appeal by defendant from an order of the district court for McLeod county, *Macdonald, J.*, presiding, overruling his demurrer to an indictment accusing him "of the crime of embezzlement of money entrusted to him," and charging "that at Glencoe in the county of McLeod, state of Minnesota, on the 18th day of July, A. D. 1877, the said Charles R. Mims was by one Martin Renz entrusted with and had in his possession, custody and control, a large sum of money, to wit, the sum of $825, for the purpose of sending and delivering the same to one J. E. Bell, in the city of Minneapolis in said state, which said money was the property of said Martin Renz, and of the value of $825, consisting," etc., "and, while the

said Mims had the said money in his possession, custody and control, entrusted to him as aforesaid, did then and there, at, the time and place aforesaid, wilfully, maliciously and feloniously embezzle the same and the whole thereof, and convert the same to his own use, by then and there using and disposing of the same to his own use and benefit, contrary to the form of the statute," etc.

*W. W. Erwin* and *J. V. V. Lewis*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

CORNELL, J.    It is conceded by the attorney-general that. this indictment was drawn under Gen. St. c. 95, § 24, and that it cannot be sustained if the principle upon which the case of *Com.* v. *Williams*, 3 Gray, 461, was decided, is to be followed by this court.    In that case the defendant was indicted for embezzling bank-bills which he received from the owner to keep for him till the following morning, but which he refused to deliver up, and fraudulently converted to his own use; and the indictment was attempted to be sustained upon a statute identical in terms with the one in question. It was held that it could not be maintained, for the reason that the statute was restricted to the embezzlement of property received by one to be carried and delivered to another. The rule of strict construction which the court adopted in that case is one of universal application in the interpretation of penal statutes, the rigid observance of which by courts is essential to guard against the creation, by judicial construction, of criminal offences not within the contemplation of the legislature.    Applying the rule to this case, the indictment sought to be sustained upon this section is fatally defective, in not charging that the money alleged to have been delivered to the defendant by Renz was so entrusted to him for the purpose of being carried and delivered to Bell, for hire, and that he embezzled and fraudulently converted the same before its delivery.    Unless the defendant occupied the position, at the time of the alleged conversion, of a carrier for hire, or, perhaps, was a servant of such carrier, employed in

the transportation of the money, he cannot be made criminally liable under this section of the statute.

It is claimed, however, that the indictment may be sustained upon the following clause of Gen. St. *c.* 95, § 23, as amended by Laws 1876, *c.* 55 (Gen. St. 1878, *c.* 95, § 33:) "If any attorney-at-law, collector, or *other person*, who in any manner receives or collects money, or any other property, for the use of and belonging to another, embezzles or fraudulently converts to his own use, * * * without the consent of his employer, master, or the owner of the money or goods collected or received, any money or property of another, or which is partly the property of another, * * * which has come to his possession or under his care in any manner whatsoever, he shall be deemed to have committed larceny."

The offence here described includes, as one of its essential ingredients, the want of consent of the employer, master or owner to the doing of the act which it is alleged constitutes the embezzlement or fraudulent conversion complained of; and this fact cannot be supplied by inference from other allegations in the indictment. In the case at bar, the indictment alleges that defendant "feloniously embezzled and converted the said money to his own use, by then and there using and disposing of the same to his own use and benefit," without averring that such use and disposition was without the consent of the defendant's employer or master, or the owner of said money. In this respect the indictment is fatally defective under this statute, though it be conceded, without deciding the point, that the statute is sufficiently broad to cover the case of a fraudulent conversion of property by one who receives it from the owner, for the sole purpose of sending and delivering it to another.

The demurrer should have been sustained, and the order overruling it is reversed.