# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-1058

State of Minnesota,
Respondent,

vs.

Ralph Joseph Boecker,
Appellant.

**Filed May 23, 2016**
**Affirmed**
**Hooten, Judge**

Dakota County District Court
File No. 19HA-CR-15-65

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Tori K. Stewart, Assistant County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Steven P. Russett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Hooten, Judge; and Randall, Judge.[*]

## S Y L L A B U S

A prior felony conviction of criminal vehicular operation under Minn. Stat. § 609.21, subd. 2a(2)(i) (1996), is a predicate felony under the first-degree driving while impaired statute, Minn. Stat. § 169A.24, subd. 1(3) (2014).

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**O P I N I O N**

**HOOTEN**, Judge

On appeal from his conviction of first-degree driving while impaired (DWI), appellant argues that he is entitled to withdraw his guilty plea because the conviction used to enhance the current charge—his 1998 felony criminal vehicular operation (CVO) conviction under the 1996 version of the CVO statute[1]—is not included in the list of predicate felonies delineated in the first-degree DWI statute. We affirm.

**FACTS**

On January 8, 1998, appellant Ralph Joseph Boecker was convicted of one count of felony CVO for causing substantial bodily harm to another as a result of operating a motor vehicle in a negligent manner while under the influence of alcohol. On January 6, 2015, Boecker was charged with two counts of first-degree DWI. Both charges were enhanced to the first degree based on Boecker's 1998 CVO conviction. Boecker challenged whether there was probable cause to charge him with first-degree DWI, and the district court concluded that there was probable cause. Pursuant to a plea agreement with the state, Boecker pleaded guilty to one count of first-degree DWI and was convicted. This appeal followed.

---

[1] We refer to the former statute criminalizing both criminal vehicular homicide and CVO as "the CVO statute" because this case only involves CVO.

**ISSUE**

Is a prior felony CVO conviction under Minn. Stat. § 609.21, subd. 2a(2)(i) (1996), a predicate felony under the first-degree DWI statute, Minn. Stat. § 169A.24, subd. 1(3) (2014)?

**ANALYSIS**

Boecker argues that his guilty plea was inaccurate because his 1998 CVO conviction is not a predicate felony under the first-degree DWI statute and that plea withdrawal is therefore necessary to correct a manifest injustice. "A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). But, the district court "must" allow a defendant to withdraw his or her plea at any time if plea withdrawal "is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. "A manifest injustice exists if a guilty plea is not valid." *Raleigh*, 778 N.W.2d at 94. A constitutionally valid guilty plea must be accurate, voluntary, and intelligent. *Id.* "A defendant bears the burden of showing his plea was invalid." *Id.* The validity of a plea is a question of law, which we review de novo. *Id.*

Statutory interpretation is also a question of law, which we review de novo. *State v. Jones*, 848 N.W.2d 528, 535 (Minn. 2014). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2014). "The first step in statutory interpretation is to determine whether the statute is ambiguous on its face. A statute is ambiguous only when the statutory language is subject to more than one reasonable interpretation." *Jones*, 848 N.W.2d at 535 (quotation and citation omitted). If the language of a statute is unambiguous, our role is to

3

apply the plain meaning of the statute. *Id.* But, if the language is ambiguous, we may determine legislative intent by considering the factors set forth by the legislature for interpreting a statute. Minn. Stat. § 645.16.

The 2014 version of the first-degree DWI statute provides, in pertinent part:

> A person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person:
> . . . .
> (3) *has previously been convicted of a felony under:*
>     (i) Minnesota Statutes 2012, section 609.21 (criminal vehicular homicide and injury, substance-related offenses), subdivision 1, clauses (2) to (6);
>     (ii) *Minnesota Statutes 2006, section 609.21* (criminal vehicular homicide and injury, substance-related offenses), subdivision 1, clauses (2) to (6); subdivision 2, clauses (2) to (6); *subdivision 2a, clauses (2)* to (6); subdivision 3, clauses (2) to (6); or subdivision 4, clauses (2) to (6); or
>     (iii) section 609.2112, subdivision 1, clauses (2) to (6); 609.2113, subdivision 1, clauses (2) to (6), subdivision 2, clauses (2) to (6), or subdivision 3, clauses (2) to (6); or 609.2114, subdivision 1, clauses (2) to (6), or subdivision 2, clauses (2) to (6).

Minn. Stat. § 169A.24, subd. 1(3) (emphasis added).

The 2014 version of the first-degree DWI statute delineates three versions of the CVO statute because the CVO statute has undergone several revisions since 2007, including reorganization and renumbering. Some of these revisions are detailed in this court's opinion in *State v. Retzlaff*, 807 N.W.2d 437, 439–40 (Minn. App. 2011), *aff'd mem.*, 842 N.W.2d 565 (Minn. 2012). The first-degree DWI statute has similarly undergone several revisions since 2006, when the legislature first included prior CVO convictions as predicate felonies, in order to track the changes to the CVO statute. *See id.*

4

This has not been an entirely smooth process. *See id.* at 440 (noting "statutory irregularity" when 2008 version of first-degree DWI statute referenced CVO statute as reorganized in 2007, but did not reference prior organization).

Boecker argues that his prior CVO conviction in violation of Minn. Stat. § 609.21, subd. 2a(2)(i),[2] cannot enhance his current DWI offense to a first-degree felony in violation of Minn. Stat. § 169A.24, subd. 1(3), because the 1996 version of the CVO statute is not specifically listed as a predicate felony in the 2014 version of the first-degree DWI statute. The state counters that Boecker's prior CVO conviction is a predicate felony because the relevant portion of the 2006 version of Minn. Stat. § 609.21, subd. 2a(2), which is explicitly referenced in the 2014 version of the first-degree DWI statute, is *identical* to the relevant portion of the 1996 version of Minn. Stat. § 609.21, subd. 2a(2).

We conclude that the 2014 version of the first-degree DWI statute is ambiguous as to whether Boecker's conviction under the 1996 version of Minn. Stat. § 609.21, subd. 2a(2)(i), is a predicate felony because there is more than one reasonable interpretation of the statute. On the one hand, the 2014 version of the first-degree DWI statute could include as predicate felonies only prior felony convictions under the 2006 or later versions of the CVO statute. On the other hand, the 2014 version of the first-degree DWI statute could include as predicate felonies all prior felony convictions under any version of the CVO

---

[2] The parties acknowledge that the amended complaint that resulted in Boecker's 1998 CVO conviction contained a typographical error, purporting to charge him with violating Minn. Stat. § 609.21, subd. "2a(1)(i)." This error is of no consequence to this appeal. *See* Minn. R. Crim. P. 17.02, subd. 3 ("Error in [statutory] citation or its omission is not a ground to dismiss or reverse a conviction if the error or omission did not prejudice the defendant.").

5

statute, including the 1996 version, under which Boecker was convicted. To clarify this ambiguity and ascertain legislative intent, however, we need only look to the changes to the first-degree DWI statute and to the legislature's intent as explicitly stated in the 2012 session law. *See* Minn. Stat. § 645.16 (instructing courts, when interpreting ambiguous statutes, to ascertain legislative intent by considering, among other things, "the former law" and "the contemporaneous legislative history").

As noted above, the first-degree DWI statute has undergone several revisions since the legislature first included prior CVO convictions as predicate felonies in 2006. *See* 2006 Minn. Laws ch. 260, art. 2, § 3, at 734. After the 2006 amendment, the first-degree DWI statute provided:

> A person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person:
> . . . .
> (3) *has previously been convicted of a felony under section 609.21*, subdivision 1, clause (2), (3), (4), (5), or (6); subdivision 2, clause (2), (3), (4), (5), or (6); *subdivision 2a, clause (2)*, (3), (4), (5), or (6); subdivision 3, clause (2), (3), (4), (5), or (6); or subdivision 4, clause (2), (3), (4), (5), or (6).

Minn. Stat. § 169A.24, subd. 1(3) (2006) (emphasis added). Boecker's 1998 CVO conviction is plainly a predicate felony under the 2006 version of the first-degree DWI statute.

The legislature reorganized the CVO statute in 2007. 2007 Minn. Laws ch. 54, art. 3, §§ 7–11, at 248–49. In an attempt to track this reorganization, the legislature amended the first-degree DWI statute in 2007. 2007 Minn. Laws ch. 54, art. 3, § 14, at 251. After the 2007 amendment, the statute provided:

6

> A person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person:
>
> . . . .
>
> (3) *has previously been convicted of a felony under section 609.21, subdivision 1*, clause (2), (3), (4), (5), or (6).

Minn. Stat. § 169A.24, subd. 1(3) (Supp. 2007) (emphasis added).

As discussed above, the 2007 version of the first-degree DWI statute only referenced the reorganized CVO statute, not the prior organization. The legislature corrected this in 2012, likely in response to this court's decision in *Retzlaff*. *See* 2012 Minn. Laws ch. 222, § 3, at 686. After the 2012 amendment, the statute provided:

> A person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person:
>
> . . . .
>
> (3) *has previously been convicted of a felony under:*
>> (i) section 609.21 (criminal vehicular homicide and injury, substance-related offenses), subdivision 1, clauses (2) to (6); or
>> (ii) *Minnesota Statutes 2006, section 609.21* (criminal vehicular homicide and injury, substance-related offenses), subdivision 1, clauses (2) to (6); subdivision 2, clauses (2) to (6); *subdivision 2a, clauses (2)* to (6); subdivision 3, clauses (2) to (6); or subdivision 4, clauses (2) to (6).

Minn. Stat. § 169A.24, subd. 1(3) (2012) (emphasis added). Significantly, in the 2012 session law, the Minnesota Legislature took the rare step of formally stating its intent regarding the first-degree DWI statute:

> The intent of the legislature in enacting this bill is to clarify a cross-referencing change made in 2007 relating to the criminal vehicular operation crime. It was not the legislature's intent in 2007 to make a substantive change regarding whether prior criminal vehicular operation convictions would . . . be

7

considered as a predicate for the first-degree driving while impaired crime. *The legislature's intent has always been that criminal vehicular operation convictions under both the pre-2007 law and the post-2007 law be used for enhancing driving while impaired penalties* consistent with the provisions of the driving while impaired laws.

2012 Minn. Laws ch. 222, § 4, at 687 (emphasis added). In this formal statement of intent, the legislature explicitly indicated that prior "[CVO] convictions under . . . the pre-2007 [CVO] law" would enhance a new DWI offense to a first-degree felony. *Id.* Boecker essentially argues that in 2006, a pre-2006 prior CVO conviction was a predicate felony, but in 2015, it was not, suggesting that in 2012 the legislature must have deemed a pre-2006 prior CVO conviction to be too stale to constitute a predicate felony. But, his argument is directly contradicted by the legislature's formal statement of its intent.

After the CVO statute was renumbered in 2014 (from section 609.21 to section 609.2113), the first-degree DWI statute was once again amended. 2014 Minn. Laws ch. 180, §§ 3, at 282–83; 7, at 285; 9, at 288. After the 2014 amendment, the statute provided:

> A person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person:
> . . . .
> (3) *has previously been convicted of a felony under:*
>     (i) Minnesota Statutes 2012, section 609.21 (criminal vehicular homicide and injury, substance-related offenses), subdivision 1, clauses (2) to (6);
>     (ii) *Minnesota Statutes 2006, section 609.21* (criminal vehicular homicide and injury, substance-related offenses), subdivision 1, clauses (2) to (6); subdivision 2, clauses (2) to (6); *subdivision 2a, clauses (2)* to (6); subdivision 3, clauses (2) to (6); or subdivision 4, clauses (2) to (6); or
>     (iii) section 609.2112, subdivision 1, clauses (2) to (6); 609.2113, subdivision 1, clauses (2) to (6),

subdivision 2, clauses (2) to (6), or subdivision 3, clauses (2) to (6); or 609.2114, subdivision 1, clauses (2) to (6), or subdivision 2, clauses (2) to (6).

Minn. Stat. § 169A.24, subd. 1(3) (2014) (emphasis added). The relevant portion of the 2014 version of the statute is identical to the 2012 version, except for the inclusion of the new numbering of the CVO statute in subdivision 1(3)(iii). Because the relevant portions of the two versions of the statute are identical, it is clear that the legislature still intended that pre-2007 CVO convictions would constitute predicate felonies under the first-degree DWI statute.

Given the legislature's clear intent, Boecker cannot avoid liability for first-degree DWI simply because the CVO statute and the first-degree DWI statute have been renumbered, reorganized, and amended. Accordingly, we hold that Boecker's 1998 felony CVO conviction under Minn. Stat. § 609.21, subd. 2a(2)(i) (1996), is a predicate felony for his first-degree DWI conviction under Minn. Stat. § 169A.24, subd. 1(3) (2014).

## D E C I S I O N

Because Boecker's prior felony CVO conviction is a predicate felony under the first-degree DWI statute, he has not shown that the district court erred in determining that there was probable cause for the state to charge him with first-degree DWI, and his guilty plea is accurate. Accordingly, there is no manifest injustice, and Boecker is not entitled to withdraw his plea.

**Affirmed.**

9