FLOREY, Judge
Appellant Bradley Stephen Boone appeals from the district court's denial of her[1] name-change application. Boone, a felon, complied with the notice requirements for name-change petitions set out in Minn. Stat. § 259.13. The prosecuting authority submitted a letter indicating no objection to the name change, but, in its order denying Boone's application, the district court concluded that Boone had not shown by clear and convincing evidence that her application would not compromise public safety and therefore denied her petition. Because, in the absence of an objection by the prosecuting authority, the plain language of Minn. Stat. § 259.13 does not allow a court to deny a felon's name-change petition on the basis of the factors set forth in Minn. Stat. § 259.13, we reverse and remand.
FACTS
In November 2017, Bradley Stephen Boone applied for a name change in Nicollet County, where she resides. Boone has two felony convictions, one from 1994 and the other from 1996, both of which were prosecuted in Stearns County. In April 2017, Boone served notice of her name-change petition on the Stearns County attorney's office, as required by Minn. Stat. § 259.13, subd. 1(a). Stearns County sent its response to the district court by letter in May 2017, stating it had "no objection" to Boone's request for a name change. In December 2017, a hearing was held. Boone called two witnesses. Both witnesses testified to Boone's identity, her residence in Nicollet County and Minnesota for at least six months, and to their opinion that *46 Boone was not seeking a name change to defraud anyone. Boone testified that she does not own real estate, that she is civilly committed in St. Peter as part of the Minnesota sex offender program, and that she has felony convictions from the 1990s. The district court took the application under advisement.
In February 2018, the district court issued its decision denying Boone's name-change application. The district court reasoned that, while Boone had met the first three of the four factors set forth in section 259.13, subdivision 3, she had not shown by clear and convincing evidence that her application would not compromise public safety.
Boone appeals.
ISSUE
Did the district court err in denying Boone's name-change application by improperly applying Minnesota Statutes section 259.13 ?
ANALYSIS
"The interpretation of a statute is a question of law that we review de novo." Cocchiarella v. Driggs , 884 N.W.2d 621, 624 (Minn. 2016) ; see also Swenson v. Nickaboine , 793 N.W.2d 738, 741 (Minn. 2011).
Minnesota Statutes chapter 259 governs the process of seeking a legal-name change. A person who has resided in Minnesota for six months "may apply to the district court in the county where the person resides to change [his or her] name." Minn. Stat. § 259.10, subd. 1 (2018). The applicant "shall describe all lands in the state in or upon which the person ... claim[s] any interest or lien, and shall appear personally before the court and prove identity by at least two witnesses." Id. Thereafter, the district court must grant a name-change request unless "it finds that there is an intent to defraud or mislead." Minn. Stat. § 259.11(a) (2018). Boone met the application requirements of section 259.10, but, because Boone has a felony conviction, her name-change application was also governed by Minnesota Statutes section 259.13.
Minnesota Statutes section 259.13 gives a prosecuting authority the right to file an objection to a felon's name-change application within 30 days of receiving required notice if any of the following factors exist: (1) the name-change request aims to defraud or mislead, (2) it is not made in good faith, (3) the name change will cause injury to a person, or (4) it will compromise public safety. Minn. Stat. § 259.13, subd. 2. If the prosecuting authority objects, the district court may not grant the applicant's request, unless the applicant files "a motion with the court for an order permitting the requested name change," and the applicant proves by clear and convincing evidence that the name-change request is not based on any of the aforementioned concerns. Id ., subd. 3.
But, a court's analysis of the four factors in section 259.13, subdivision 2, is warranted only if there has been an objection by the prosecuting authority. Here, because there was no objection from Stearns County, it was improper for the district court to independently consider these factors.
The plain language of the statute controls because the meaning is unambiguous. State v. Boecker , 893 N.W.2d 348, 351 (Minn. 2017) ("The plain language of the statute controls when the meaning of the statute is unambiguous."). Despite no objection from Stearns County, the district court proceeded to analyze the factors in section 259.13, subdivision 2. The court's treatment of Boone's unobjected-to name-change *47 application runs counter to the plain language of the statute.
Additionally, the district court denied Boone due process. It failed to provide Boone both notice that the factors would be considered and an opportunity to be heard and contest the court's conclusion with clear and convincing evidence. The state cannot "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1 ; see also Minn. Const. art. I, § 7 ; State ex rel. Blaisdell v. Billings , 55 Minn. 467, 57 N.W. 794, 795 (1894) ("Due process of law requires an orderly proceeding adapted to the nature of the case, in which the citizen has an opportunity to be heard, and to defend, enforce, and protect [their] rights. A hearing, or an opportunity to be heard, is absolutely essential.").
Here, because there was no objection by Stearns County, there was never a triggering event notifying Boone that, in order to pursue her petition, she needed to file a motion for an order to grant her name change request and provide clear and convincing evidence that her petition would not compromise public safety. By proceeding as it did, the district court denied Boone this opportunity.
In light of the lack of objection by the prosecuting authority and the plain language of section 259.13, Boone had no notice that the district court would consider the four factors when it reviewed her petition. The court's sua sponte consideration of the factors set forth in section 259.13, subdivision 2, denied Boone the due process provided for in the statute.
Regardless of whether a person is seeking a name change under section 259.10 or section 259.13, the district court always has the discretion to deny the petition if it finds there is an intent to defraud or mislead. See Minn. Stat. § 259.11(a)(1). But here, the district court concluded that Boone's request was not motivated by any intent to defraud or mislead, did not appear to be made in anything other than good faith, and would not cause injury to any specific individual. The district court did not discredit any testimony provided at the hearing, and Boone met all statutory requirements for a convicted felon's unobjected-to name-change application. See Minn. Stat. § 259.10, .11. Therefore, the district court erred in independently analyzing the remaining statutory factors in section 259.13, subdivision 2, and denying Boone's application as a result.
DECISION
Because Boone complied with the requirements of Minn. Stat. § 259.13 and the prosecuting authority made no objection to her request, we conclude that the district court erred in denying her petition for a name change. We reverse and remand with instructions to grant Boone's name-change petition.
Reversed and remanded.

At oral argument, counsel for Boone indicated that Boone uses she/her pronouns. We will therefore refer to Boone using her preferred pronouns.