*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0840**

State of Minnesota,
Respondent,

vs.

April Jean Worrall,
Appellant.

**Filed February 14, 2024**
**Affirmed in part, reversed in part, and remanded**
**Klaphake, Judge***

Hubbard County District Court
File No. 29-CR-23-311

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Jonathan Frieden, Hubbard County Attorney, Park Rapids, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

    Considered and decided by Worke, Presiding Judge; Frisch, Judge; and Klaphake, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KLAPHAKE**, Judge

Appellant April Jean Worrall pleaded guilty to violating a domestic-abuse no-contact order (DANCO) after admitting to contacting the protected person, J.H. Worrall appeals her guilty plea, arguing it was not accurate because it was not supported by an adequate factual basis. Because our review of the record demonstrates that the plea was supported by a proper factual basis, we affirm the acceptance of her guilty plea. However, Worrall's sentence exceeded the statutory maximum, so we therefore reverse and remand to the district court for resentencing.

## DECISION

Worrall asserts that she should be allowed to withdraw her guilty plea because it was not supported by an adequate factual basis. "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *State v. Boecker*, 893 N.W.2d 348, 350 (Minn. 2017). A guilty plea is inaccurate when it is not established with a proper factual basis. *Id.* We review the validity of a guilty plea de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Worrall argues that her plea did not have a proper factual basis, because she did not admit that she knew contacting J.H. would violate the DANCO. Specifically, Worrall contends that she was not asked if she knew that contacting J.H. would subject her to criminal liability and that such an admission was required for her guilty plea to be accurate. We are not persuaded.

Under Minnesota Statutes section 629.75, subdivision 2(b) (2022), a person commits a misdemeanor DANCO violation when she "knows of the existence of a

domestic abuse no contact order issued against the person and violates the order." Worrall admitted that she knew the DANCO prohibited her from contacting J.H. and that she telephoned J.H. after being personally served the DANCO. Under the elements of the statute, Worrall admitted to violating the DANCO.

Worrall argues that knowing she was "not supposed to" contact J.H. was not sufficient to show she knew the facts that placed her in violation of the DANCO. Worrall cites *State v. Andersen*, 946 N.W.2d 627, 637 (Minn. App. 2020), to support her argument that the state was required to show that she "knew the facts that placed her in violation of the order." The record establishes that Worrall knew the facts that placed her in violation of the DANCO. Worrall admitted that she was aware of the DANCO, that she knew the DANCO prohibited contact with J.H., and that she contacted J.H. in violation of the DANCO while knowing that she was "not supposed" to have any contact with the party. Accordingly, her guilty plea had an adequate factual basis and was constitutionally accurate.

The district court, however, abused its discretion by placing Worrall on supervised probation for two years, exceeding the statutory maximum. We review a district court's imposition of a sentence for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). A district court abuses its discretion when a sentence is "based on an erroneous view of the law." *State v. Hallmark*, 927 N.W.2d 281, 291 (Minn. 2019). Under Minnesota Statutes section 609.135, subdivision 2(e) (2022), a conviction for a misdemeanor that is not otherwise specified in the subdivision may have a stay of execution for a maximum of one year of probation. Probation is allowed for up to two years only for

specified misdemeanors, including domestic assault, fifth-degree assault, and violations of orders for protection. Minn. Stat. § 609.135, subd. 2(d) (2022). A misdemeanor DANCO violation is not included in subdivision 2(d), so the maximum length of probation for a misdemeanor DANCO violation is one year. Because Worrall's conviction was for a misdemeanor not specified by statute to allow two years of probation, the maximum length of probation permissible by statute was one year.

We affirm the district court's acceptance of Worrall's guilty plea. We reverse Worrall's sentence of two years of probation and remand to the district court with instructions to direct an entry of one year of probation, consistent with the statutory maximum.

**Affirmed in part, reversed in part, and remanded.**